In application for rehearing counsel for appellees have strenuously urged the failure of this Court to pass upon an exception of no cause and no right of action which was assertedly "filed, tried, argued and submitted long in advance of trial on the merits". The application sets up the facts that the exception was so tried, argued and overruled by the District Court on January 6, 1949, and that the case was later tried on the merits on May 10, 1949.
The exception referred to was directed against the petition and the application for rehearing further declares that the right-of-way grant "on which plaintiff's case was necessarily predicated" was "offered and filed in evidence on the exception of no right of action", at the trial of said exception on January 6, 1949.
The minutes of the District Court do not indicate that any trial was had or evidence adduced in connection with the exceptions to which reference is made. The minutes of Thursday, January 6, 1949, as set forth in the record before us read as follows: "Answer filed by I. R. G. Co., subject to defendants rights under the exceptions and motions pending. Exception ofno cause or right of action argued and overruled. Motion to disallow the second amended and supplemental petition argued and submitted." (Emphasis ours.)
Examination of the instrument in question, the right-of-way grant, discloses no mark or identification indicating its filing in any judicial proceeding. Reference to the note of evidence adduced at the trial on the merits on May 10, 1949, shows that a right-of-way contract from J. D. McGee to the Arkansas-Louisiana Pipeline Company was offered in evidence, and, after objection on the part of defendants, admitted and filed. In making the offering counsel for plaintiff stated that the document was marked Plaintiff "A", but, as above stated, we find no marking or identification on the instrument.
If there is error in the minutes of the Court, to which we have referred, proper steps should be taken to correct the same, which action can be had before or at the time of further hearing by the District Court in accordance with our judgment remanding this case. In any event, this Court will consider that defendants have properly preserved their rights to re-urge the exceptions in question as, if and when this matter again comes before this Court on appeal.
Application for rehearing is denied. *Page 508